UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| JOE ANTHONY BROWN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 14-131-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL SEPANEK, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Joe Anthony Brown is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Brown has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Brown's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573

1

(6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed Brown's claim and the circumstances of his conviction, the Court must deny the petition because § 2241 does not provide him with a vehicle for the relief he seeks, and in the alternative because his claim is without merit.

## I

On September 11, 2001, a federal grand jury sitting in Charlotte, North Carolina handed down an indictment charging Brown with conspiracy to possess with intent to distribute 50 or more grams of cocaine base in violation of 18 U.S.C. § 841(a)(1), 846; possession with intent to distribute 5 or more grams of cocaine base and aiding and abetting the same in violation of 18 U.S.C. § 841(a)(1), 2; and the use, carrying and discharge of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a)(iii).

During the trial, at the close of the evidence the jury was specifically "instructed to answer whether Brown discharged the firearm in connection with this offense." *United States v. Brown*, 128 F. App'x 975, 981 (4th Cir. 2005). Brown was convicted on all counts on January 31, 2003. On March 23, 2004, the trial court sentenced Brown to life imprisonment on the drug conspiracy conviction to run concurrently with a 60-month term on the drug possession conviction, to be

followed by a consecutive 134-month term for the § 924(c) firearm conviction. *United States v. Brown*, No. 3:01-CR-185-FDW-5 (W.D.N.C. 2001).

On direct appeal, Brown challenged his convictions and sentence on numerous grounds. During the briefing process, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), in which it held that under the Sixth Amendment and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury - not a judge - and proved beyond a reasonable doubt. *Blakely*, 542 U.S. at 301-02. Brown submitted a supplemental brief contending that the trial court violated *Blakely* when it enhanced his guidelines sentence for the drug conspiracy conviction based upon judicially-found facts. The Fourth Circuit affirmed Brown's convictions, but remanded the case for resentencing under *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005) (applying *Blakely* to sentences imposed under the sentencing guidelines). *United States v. Brown*, 128 F. App'x 975 (4th Cir. 2005).

Following remand, on September 11, 2006, the trial court sentenced Brown to a 240-month term of incarceration for the drug conspiracy conviction, a concurrent 60-month term for the drug possession conviction, to be followed by a consecutive 120-month term for the firearms conviction. The Fourth Circuit affirmed on direct appeal over Brown's renewed challenges to his sentence under

*Booker. United States v. Brown*, 255 F. App'x 698 (4th Cir. 2007). Brown promptly filed a motion to vacate his sentence under 28 U.S.C. § 2255, but the trial court again rejected his claims of sentencing error and ineffective assistance of counsel. *Brown v. United States*, No. 3:08CV524-W-02 (W.D.N.C. Dec. 3, 2008).

On June 12, 2014, Brown filed another § 2255 motion requesting relief under *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013) (applying *Apprendi* to facts which increase a mandatory minimum sentence), but the trial court dismissed it as a second or successive petition filed without authorization from the Fourth Circuit. Instead of seeking that authorization, Brown filed his petition for habeas relief under § 2241 in this Court, contending that under *Alleyne*, his Sixth Amendment rights were violated because the trial court, rather than the jury, found that the firearm had been discharged during the commission of a drug trafficking crime, resulting in an increase his mandatory minimum sentence from 60 months under § 924(c)(1)(a)(i) to 120 months under § 924(c)(1)(a)(iii). [D. E. No. 1, pp. 10-12]

In *Alleyne*, the Supreme Court applied its precedent in *Apprendi* and *Booker* to hold that if the existence of a particular fact would increase the applicable mandatory minimum federal sentence, that fact is an element of the crime which the jury must find beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155 (*overruling Harris v. United States*, 536 U.S. 545 (2002)). However, a claim of

4

sentencing error under *Alleyne* does not provide a basis for relief under § 2241, because a challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause found in 28 U.S.C. § 2255(e). *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (holding that claim under *Apprendi* could not be asserted under § 2241); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."); *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001). See also *Romero v. Warden Florence FCI*, 550 F. App'x 72, 74 (3d Cir. 2014) (sentencing claims under *Alleyne* may not be pursued under § 2241); *Alsop v. Chandler*, 551 F. App'x 217 (5th Cir. 2014) (same); *Luney v. Quintana*, No. 6:13-CV-3-DCR, 2013 WL 3779172, at *3 (E.D. Ky. July 18, 2013); *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139, at *4 (N.D. Ohio July 3, 2013) (holding that because *Alleyne* is a "sentencing-error case," it "does not decriminalize the acts which form the basis of Petitioner's conviction," and therefore may not serve as a basis for an actual innocence claim to fall within the scope § 2241). Brown's petition must therefore be denied as outside the scope of relief permitted under § 2241.

Even if this were not so, the conclusion that Brown discharged the firearm in connection with a drug trafficking offense to find him subject to the 10-year mandatory minimum required by § 924(c)(1)(a)(iii) was made by the jury, not the trial court. *United States v. Brown*, 128 F. App'x 975, 981 (4th Cir. 2005) (noting

that the jury was specifically "instructed to answer whether Brown discharged the firearm in connection with this offense."). *Alleyne* is therefore simply not applicable to the facts of Brown's case, and therefore would not provide a basis for habeas relief even if he could pursue his claim under § 2241. Cf. *Williams v. FCI-Elkton Warden*, No. 4:14CV1060, 2014 WL 5304975, at *4 (N.D. Ohio Oct. 15, 2014) ("The judge did not make a further finding that he brandished the weapon to increase the mandatory-minimum sentence from five to seven years, as was the case with *Alleyne*. In this case, the jury's verdict (not a judicial finding) formed the factual basis for the mandatory-minimum sentence. Petitioner does not have to admit the facts found by the jury for the enhancement to be applied.")

Accordingly, **IT IS ORDERED** that:

1.      Brown's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2.      The Court will enter a judgment contemporaneously with this order.

3.      This matter is **STRICKEN** from the docket.

This 6th day of January, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge